UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WASHINGTON MUTUAL BANK f/k/a WASHINGTON MUTUAL BANK, FA, Successor in Interest to HOMESIDE LENDING, INC., f/k/a BANCBOSTON MORTGAGE CORPORATION

VS. C.A.NO. PC 06-

CA 06 110 ML

STASIA J. TAYLOR, by and Her duly appointed legal guardian, WYATT A. BROCHU, BANK OF AMERICA, N.A., UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE, And STATE OF RHODE ISLAND DIVISION OF TAXATION

**COMPLAINT FOR INTERPLEADER**

1. The plaintiff, WASHINGTON MUTUAL BANK f/k/a WASHINGTON MUTUAL BANK F.A., Successor in Interest to HOMESIDE LENDING, INC., f/k/a BANCBOSTON MORTGAGE CORPORATION, is a corporate entity having a usual place of business at 7301 Baymeadows Way, Jacksonville, Florida.

2. The defendant, STASIA J. TAYLOR, is a individual with a last and usual abode at Morgan Health Center, in Johnston, Rhode Island, but that WYATT A. BROCHU, ESQUIRE, with a business address of 20 Centerville Road, Warwick, Rhode Island, 02886, has been duly appointed as her legal guardian, pursuant to an order of the North Kingstown Probate Court dated March 19, 2003.

3. The defendant, BANK OF AMERICA, N.A., is a corporate entity having its usual place of business at AAAADRESS.

4. The defendant, UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE, is a governmental entity having a usual place of business at 25 New Sudbury Street, Stop 20800, Boston, Massachusetts, 02203.

5. The defendant, STATE OF RHODE ISLAND DIVISION OF TAXATION, is a governmental entity having a usual place of business at One Capital Hill, Providence, Rhode Island, 02908.

**INTERPLEADER and COMPLAINT FOR RELIEF**

6. The plaintiff, WASHINTON MUTUAL BANK f/k/a WASHINGTON MUTUAL BANK, F.A., Successor in Interest to HOMESIDE LENDING, INC. f/k/a BANCBOSTON MORTGAGE CORPORATION, at all times relevant hereto was holder by assignment of a mortgage encumbering real property located at 480 Annaquatucket Road, North Kingstown, Rhode Island, by virtue of the granting of same by CAROL A. TAYLOR (deceased on 3/28/00) and STASIA J. TAYLOR to BANCBOSTON MORTGAGE CORPORATION. Said mortgage was dated July 24, 1995, and was recorded with the Records of Land Evidence for the Town of North Kingstown, Rhode Island, in Book 937 at Page 349.

7. By virtue of various mergers and assignments, the plaintiff, WASHINTON MUTUAL BANK f/k/a WASHINGTON MUTUAL BANK, F.A., Successor in Interest to HOMESIDE LENDING, INC. f/k/a BANCBOSTON MORTGAGE CORPORATION, was the holder of said interest as first mortgagee.

8. On or about July 31, 2001, the plaintiff, WASHINTON MUTUAL BANK f/k/a WASHINGTON MUTUAL BANK, F.A., Successor in Interest to HOMESIDE LENDING, INC. f/k/a BANCBOSTON MORTGAGE CORPORATION, foreclosed on said mortgage on the aforementioned real estate by exercising the Power of Sale contained therein. The proceeds from the foreclosure sale conducted at the premises by public auction totaled One Hundred Thirty-Three Thousand Five Hundred Dollars ($133,500.00) which sum was bid by a third party.

9. After crediting itself with all proper charges, expenses of foreclosure and payment of the balance due, the plaintiff as foreclosing mortgagee, now holds in its possession surplus funds in the amount of Thirty-Seven Thousand Four Hundred Eighty-Eight Dollars and One Cent ($37,488.01) and has no personal interest in said funds.

10. By reason of conflicting interest of the defendants named herein, plaintiff is in doubt as to which of said defendants are entitled to said foreclosure surplus proceeds and in what amounts.

WHEREFORE, the plaintiff respectfully request that this Court order as follows:

(1) That the plaintiff be authorized and directed to pay into the Court the sum of Thirty-Seven Thousand Four Hundred Eighty-Eight Dollars and One Cent ($37,488.01), less its reasonable attorney's fees, expenses and costs incurred in bringing this interpleader complaint;
(2) That the defendant be temporarily and permanently restrained and enjoined from instituting or prosecuting further action or proceeding against the plaintiff in any Court regarding the foreclosure surplus;
(3) That the defendant be ordered to interplead and litigate his right or claim to said foreclosure surplus deposited into the Court;
(4) That a judgment be entered discharging plaintiff from all liability to anyone in the count of said foreclosure surplus proceeds as deposited into the Court;

(5) That the plaintiff be awarded its costs and reasonable attorney's fees in brining this interpleader and deduct the same from the foreclosure proceeds; and,
(6) Such further relief as it deems just and appropriate.

WASHINTON MUTUAL BANK f/k/a WASHINGTON MUTUAL BANK, F.A., Successor in Interest to HOMESIDE LENDING, INC. f/k/a BANCBOSTON MORTGAGE CORPORATION
Plaintiff
By its attorney,

Mark L. Smith (#0676)
Park Square Place
176 Eddie Dowling Highway
Suite 101
No. Smithfield, RI 02896
Telephone: (401) 769-4120
Facsimile: (401) 597-0997

DATED: March 10, 2006