**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Washington Mutual Bank f/k/a Washington Mutual Bank, FA, Successor in Interest to Homeside Lending, Inc. f/k/a BancBoston Mortgage Corporation,** **PLAINTIFF** | : | |
| **V.** | : | **C.A. No. PC 06-0116 MC** |
| **Stasia J. Taylor, By and Through her Duly Appointed Legal Guardian, Wyatt A. Brochu; Bank of America, NA; United States of America, Internal Revenue Service: and State of Rhode Island, Division of Taxation,** **DEFENDANTS** | : | |

**ANSWER OF DEFENDANT TAX ADMINISTRATOR**

Now comes R. Gary Clark, Tax Administrator for the State of Rhode Island (Tax Administrator) and head of the Rhode Island Division of Taxation (Tax Division), a named defendant, by and through his attorney, to answer the complaint of the Plaintiff, Washington Mutual Bank (Washington Mutual Bank) as follows:

1., 2., 3. & 4. The Tax Administrator is without sufficient information and belief to answer the averments in these paragraphs and leaves the Plaintiff to its proof thereof.

5. Admitted.

6., 7., 8. & 9. The Tax Administrator is without sufficient information and belief to answer the averments in these paragraphs and leaves the Plaintiff to its proof thereof.

10. Admitted in part and denied in part. Admitted in part insofar as the Tax Administrator has an interest in the foreclosure proceeds and their disposition. Denied in part insofar as the Tax Administrator is without sufficient information and belief as to

whether his interest is of sufficient magnitude or adversity so as to conflict with those of the other named defendants.

By way of further answer, the Tax Administrator avers as follows. By operation of statutory law, a lien attaches to the real estate of every Rhode Island decedent, RIGL §§44-23-9; 44-23-13. Said lien remains in effect for fifteen (15) years from the decedent's date of date, RIGL §44-23-38, or until it is discharged upon certification by the Tax Division that no RI Estate Taxes are due or that any RI Estate Taxes have been paid. RIGL §§44-23-12, 44-23-14. A due search of Tax Division records discloses that no RI Estate Tax return has been filed nor has any RI Estate Taxes paid on behalf of Estate of Carol A. Taylor, late of North Kingston, with a date of death of March 28, 2000. Accordingly, a state tax lien attached to her interest in the mortgaged premises as of the date of her death and remained outstanding at the time or foreclosure.

The Tax Division has no evidence that probate has been opened for the decedent's estate, and accordingly, is without the ability to estimate a sum certain for discharge of the lien. Thus, without further information from the Stasia Taylor, her guardian, or the Estate of Carol Taylor, a jeopardy assessment for the estimated amount of $5,000 is interposed.

The Tax Administrator responds to the Plaintiff's prayer for relief as follows:

(1). The Tax Administrator is without objection to an order of this Court authorizing and directing the Plaintiff to deposit with the Registry of the Court surplus foreclosure sale proceeds; minus its reasonable attorneys fees and costs.

(2) For the record, the Tax Administrator voices general objection to the Plaintiff's request for a restraining order insofar as this Court lacks subject matter

jurisdiction over the enforcement of state tax laws and the collection of state taxes pursuant to the Tax Injunction Act, 28 USC §341, and local federal case law. As a practical matter, the Plaintiff's request for injunctive relief with regards to the Tax Administrator or the Tax Division would, in general, be moot insofar as, under local state law, the commencement of an interpleader action immunizes mortgagees from liability to the Tax Division for the tax obligations of 3rd party mortgagors due to their receipt of surplus mortgage foreclosure proceeds.

(3) The Tax Administrator is without objection to any order of this Court requiring defendant to interplead and prove their respective claims to surplus foreclosure proceeds.

(4). The Tax Administrator is without objection to the Plaintiff's release and discharge of liability relating to this cause of action.

(5) The Tax Administrator is without objection to this Court awarding the Plaintiff reasonable attorney's fees and costs incurred by commencing the within action with said sums to be paid out of the surplus foreclosure proceeds

(6). In the absence of specific information regarding the nature or amount of "such further relief" that the Plaintiff may seek, Tax Administrator objects to this prayer for relief.

**DEFENSES**

As this Honorable Court is aware, it is without subject matter jurisdiction over state tax matters by virtue of the Tax Injunction Act, 28 USC §341. *Keating v. Clark*, 785 F.Supp. 1094 (D.R. I. 1992); *Bank of New England-Old Colony, NA v. Clark*, 796 F.Supp. 633 (D.R.I. 1992) aff'd, 986 F.2d 600 (1st Cir. 1993) , and the exhaustion of

administrative remedies is an essential prerequisite for judicial review of any state tax matter. R.I.G.L. §§ 8-8-8(6);8-8-24. *Owner-Operators Independent Drivers Ass'n v. State*, 541 A.2d 69 (R.I. 1988); *International Packaging Corp. v. Mayer*, 715 A.2d 636 (R.I. 1998). Insofar as the within action is limited to determining the extent or priority of the parties' claims in the surplus foreclosure proceeds, the Tax Administrator is without jurisdictional and procedural objection. However, in the event that subsequent proceedings may entail a collateral attack upon the validity of a state tax liability or the propriety of the state tax lien arising thereunder, the gravamen of this action would become a state tax dispute. Accordingly, out of an abundance of caution, the Tax Administrator preserves his rights by raising the affirmative defenses of lack of subject matter jurisdiction, FRCP 12(b)(1); failure to state a claim upon which relief can be granted, FRCP 12(b)(6); Statute of Limitations, *res judicata* and collateral estoppel.

Respectfully submitted,

R. GARY CLARK, TAX ADMINISTRATOR

By his attorneys,

MARCIA MCGAIR IPPOLITO, ESQ.
CHIEF OF LEGAL SERVICES

Bernard J. Lemos, Esq.
Senior Legal Counsel
State Bar No. 2837
R. I. DIVISION OF LEGAL SERVICES
One Capitol Hill
Providence, RI 02908-5890
Phone: (401) 222-6271
Fax: (401) 222-8880

**CERTIFICATION**

I hereby certify that I caused a true copy of the within Answer to be mailed, first class, postage prepaid, on this 6th day of April, 2006 to the following….

Mark L. Smith, Esq., Park Square Place, 176 Eddie Dowling Highway, Suite 101, No. Smithfield, RI 02896

Stasia J. Taylor, c/o Wyatt A. Brochu, Esq. at 29 Centerville Road in Warwick RI 02886

United States of America, Internal Revenue Service, Stop 20800, Boston, MA 02203

Bank of America, NA, c/o of Eve Martin Stutchfield, Esq. of Winograd, Shine & Zacks at 123 Dyer Street, Providence, RI 02903